Filed 11/29/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br> v. <br>ERIC DAVID WILEY,<br>    Defendant and Appellant. | A165613<br><br>(Humboldt County Super. Ct.<br>Nos. CR1902147B, CR2101049) |

Defendant Eric David Wiley appeals after the trial court imposed a prison sentence that includes a three-year upper term for a conviction of criminal threats in violation of Penal Code section 422.[1]

Wiley argues the court erred under federal and state law because in selecting the upper term, it relied in part on aggravating factors—the increasing seriousness of Wiley's convictions and his poor performance on probation—that were not admitted by Wiley or found true by a jury beyond a reasonable doubt.

We conclude the court properly considered the aggravating factors challenged by Wiley. They were proved by a certified record of Wiley's convictions, and they fall within the prior conviction exception to the

---

[1] Undesignated statutory references are to the Penal Code.

heightened proof requirements that apply to other types of aggravating factors. We therefore affirm.[2]

## I. BACKGROUND[3]

A criminal complaint filed in May 2019 charged Wiley in case No. CR1902147B with kidnapping (§ 207, subd. (a); count 1) and making a criminal threat (§ 422; count 2). In January 2020, Wiley entered a guilty plea to the criminal threat charge. The trial court dismissed the kidnapping charge as part of a plea deal. In July 2020, the trial court imposed the upper term of three years, but suspended the execution of the sentence and placed Wiley on probation for three years. A condition of probation was that Wiley obey all laws.

An information filed in December 2021 charged Wiley in case No. CR2101049 with possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1), possession of a billy club (§ 22210; count 2), and possession of a stun gun by a felon (§ 22610, subd. (a); count 3). The information alleged Wiley had sustained a prior serious felony conviction, a strike, i.e., his criminal threat conviction in case No. CR1902147B. In March 2022, Wiley entered a guilty plea to the charge of possession of a firearm by a felon. The court

---

[2] Because we conclude the court did not err by considering the aggravating factors challenged by Wiley, we need not address the parties' arguments about (1) whether Wiley forfeited his claim of error by failing to raise it in the trial court, and (2) whether the alleged error was prejudicial, including the question of which standard of prejudice should apply (see *People v. Lynch* (May 27, 2022, C094174) [nonpub. opn.], review granted Aug. 10, 2022, S274942).

[3] We recount only those background facts necessary to resolution of the sentencing issue raised on appeal (i.e., whether the trial court properly relied on Wiley's record of prior convictions in selecting the upper term). In particular, the events underlying Wiley's present convictions are not material to our analysis of that question.

dismissed the other counts and the prior conviction allegation as part of the plea deal. The court found that, by committing the offense of possessing a firearm while a felon, Wiley had violated the terms of his probation in the criminal threat case.

As we discuss further below, the court later sentenced Wiley for his convictions in both matters, imposing an aggregate prison term of three years, eight months. The court imposed the three-year upper term for the criminal threat conviction and a consecutive term of eight months (one-third the midterm) for the firearm possession conviction. (§§ 422, subd. (a), 29800, subd. (a)(1), 18.)

Wiley appealed.

## II. DISCUSSION

Wiley contends that, by imposing the upper term for his criminal threat conviction, the trial court violated the Sixth Amendment to the United States Constitution as well as the revised standards that govern determinate triad sentencing under section 1170, subdivision (b) following its amendment by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), legislation that took effect on January 1, 2022. Specifically, Wiley argues the court engaged in impermissible factfinding when it considered as aggravating circumstances the increasing seriousness of his convictions and his prior poor performance on probation, two circumstances that Wiley did not admit and that were not found true by a jury beyond a reasonable doubt. We conclude the court did not err in considering these circumstances.

### A. *Additional Background*

At a sentencing hearing on June 24, 2022, the court noted that, in the earlier case involving the criminal threat charge under section 422 (case No. CR1902147B), Wiley had entered an open plea and had not stipulated to a three-year term. The court stated the probation report in the threat case

3

listed several prior convictions, but the report "is not a certified rap sheet. If you want me to consider those things, I would need a certified rap sheet." The court continued the sentencing hearing to July 1, 2022.

At the reconvened hearing on July 1, 2022, the court considered a "certified rap sheet" recording Wiley's several prior convictions, and the parties presented arguments (largely based on the rap sheet) about whether the court should impose the two-year midterm or the three-year upper term as the principal term (which would result in an aggregate sentence of either two years, eight months, or three years, eight months).[4] In the course of his argument, defense counsel stated, "I do understand the Court, itself, without a jury can find [the] aggravated term based on the defendant's rap sheet."

After hearing argument from both counsel, the court, as noted, imposed the three-year upper term for the criminal threats charge, with an eight-month consecutive term for the firearm possession charge. The court stated that, in making this decision, it was considering Wiley's performance on probation in the threat case, his prior felony convictions, a prior prison term, the fact that two previous grants of probation had terminated unsuccessfully in custodial sentences, and the increasing seriousness of his convictions. (See Cal. Rules of Court, rule 4.421(b)(2)–(5).)[5]

_____

[4] Although the court had previously imposed and suspended the three-year upper term for the threat conviction in July 2020, the court clarified with defense counsel at the July 1, 2022 sentencing hearing that "because it is not a final sentence, you are asking the Court [to] resentence on that?" Counsel confirmed that was his request, and the court stated, "I think that is an appropriate argument to make so go ahead."

[5] All rule references are to the California Rules of Court. Rule 4.421(b) sets forth aggravating factors "relating to the defendant" (such as the numerosity and seriousness of a defendant's prior convictions, and the defendant's prior performance on probation or parole), while rule 4.421(a)

4

As to the last point, the court stated: "I do think that the [current offenses under sections] 29800 [firearm possession] and 422 [criminal threats] [are] increasing in seriousness from the drug type cases he has had previously as well as the DUI though it is about the same seriousness, the 29800 as the 30305 [a prior conviction for possession of ammunition]." As to the threat charge under section 422 specifically, the court noted that offense was "more serious [than Wiley's prior offenses], and it is designated as such in the statute," i.e., making a criminal threat in violation of section 422 is statutorily classified as a " 'serious felony.' " (§ 1192.7, subd. (c)(38).)[6]

The court stated that, based on the above factors reflected in Wiley's criminal history, it would not be appropriate to sentence him to the midterm, and the court would instead "follow the negotiated disposition," i.e., the three-year upper term resulting from Wiley's earlier plea to the threats charge. The court summarized its ruling: "I am—having considered whether or not midterm or high term is appropriate based on his prior convictions, poor performance on probation, and the fact that the charges are becoming more serious, the Court is going to choose the high term or three years on the 422 [criminal threats] case, CR1902147B."

_____

lists factors "relating to the crime" (such as whether the crime involved "great violence" or "a high degree of cruelty," and whether the victim was "particularly vulnerable").

[6] Earlier in the hearing, defense counsel made a similar point, emphasizing Wiley's prior offenses were nonviolent, but noting a criminal threat conviction under section 422 "is a violent offense" or one that "involves some sort of alleged violent conduct."

**B.** *The Trial Court's Consideration of Wiley's Criminal History as Reflected in his Record of Convictions Did Not Violate the Sixth Amendment or Section 1170, Subdivision (b)*

### 1. The Sixth Amendment

Under the Sixth Amendment, " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " (*People v. Catarino* (2023) 14 Cal.5th 748, 754, quoting *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490.)  The California Supreme Court has explained that the prior conviction exception to the jury trial right in this context encompasses certain aggravating circumstances based on a defendant's criminal history.  (*People v. Towne* (2008) 44 Cal.4th 63, 80–82 (*Towne*); *People v. Black* (2007) 41 Cal.4th 799, 818–820 (*Black*).)

Specifically, "[u]nder *Cunningham* [*v. California* (2007) 549 U.S. 270], aggravating circumstances based on a defendant's criminal history that render the defendant eligible for the upper term include a trial court's finding that the defendant suffered a prior conviction (*Black, supra*, 41 Cal.4th at pp. 818–820); that the defendant suffered prior convictions that are numerous or increasingly serious (*ibid.*); that the defendant was on probation or parole at the time the offense was committed [(*Towne, supra,* 44 Cal.4th at pp. 80–81)]; and that the defendant performed unsatisfactorily while on probation or parole to the extent such unsatisfactory performance is established by the defendant's record of prior convictions (*id.* at p. 82)." (*People v. Scott* (2015) 61 Cal.4th 363, 405.)

Under these precedents, the Sixth Amendment did not require that a jury make the determinations at issue here—the questions whether Wiley's convictions were of increasing seriousness and whether his previous performance on probation was poor (to the extent that performance was

6

established by his record of convictions).  In his reply brief, Wiley responds to the Attorney General's citation of *Black* and *Towne* by suggesting those cases may have been undercut by subsequent decisions, including *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*), which overruled *People v. McGee* (2006) 38 Cal.4th 682, a case relied on by *Black* and *Towne*.  But we find no basis to ignore *Black* or *Towne* (or *Scott*, which followed them), decisions from our state's high court that address the precise issue presented here, have not been overruled, and (as Wiley acknowledges) are binding on this court.  (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455.)[7]

### 2.  Section 1170, Subdivision (b), as Amended by Senate Bill 567

"Senate Bill 567 amended section 1170, subdivision (b) to specify that, when a sentencing court chooses a term from a statutory triad, the chosen term shall not exceed the middle term, unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified

---

[7] We note *Gallardo* concluded the *McGee* decision was "no longer tenable insofar as it authorizes trial courts to make findings about the *conduct* that 'realistically' gave rise to a defendant's prior conviction." (*Gallardo*, *supra*, 4 Cal.5th at p. 134, italics added.)  The inquiries at issue here involve the determination of recidivism-related factors based solely on a certified record of the prior convictions, without any factfinding as to the conduct underlying those convictions.  (See *Towne, supra,* 44 Cal.4th at pp. 90–92 (conc. opn. of Kennard, J.) [contrasting the approach authorized in *McGee* with the inquiries approved in *Towne*].)

The other legal development identified by Wiley—the high court's decision in *Alleyne v. United States* (2013) 570 U.S. 99, 116, 103 [holding jury trial right attaches to facts that increase the *minimum* sentence for a crime; overruling *Harris v. United States* (2002) 536 U.S. 545 on that point]—also provides no basis to disregard the decisions in *Black* and *Towne* as to the scope of the prior conviction exception to the jury trial right.

record of conviction. (Stats. 2021, ch. 731, §§ 1.3, 3(c), adding § 1170, subd. (b)(1)–(3), by amendment.)" (*People v. Jones* (2022) 79 Cal.App.5th 37, 44.)[8]

Notably, the amended statute "preserves [the] distinction" in Sixth Amendment jurisprudence establishing " 'the right to a jury trial does not apply to the fact of a prior conviction.' " (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 938 (*Pantaleon*).) While section 1170, subdivision (b)(1) and (2) generally require that aggravating factors supporting an upper term be submitted to a jury,[9] section 1170, subdivision (b)(3) states: "Notwithstanding paragraphs (1) and (2) [of section 1170, subdivision (b)], the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." (§ 1170, subd. (b)(3).)

Wiley argues that, even if the prior conviction exception to the Sixth Amendment jury trial right includes related matters provable from a record

---

[8] Senate Bill 567 took effect on January 1, 2022, prior to Wiley's sentencing hearings in June and July of that year, and the record reflects the court applied the new statutory framework, including requiring that any arguments based on Wiley's criminal record be supported by a certified record of his convictions. This case does not involve *retroactive* application of Senate Bill 567.

[9] Section 1170, subdivision (b)(1) states "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." The referenced paragraph provides in part: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

of convictions (rather than just the bare fact of a prior conviction), the prior conviction exception in section 1170, subdivision (b)(3) should be construed more narrowly. He contends section 1170, subdivision(b)(3) does not authorize a court, even when relying on a certified record of convictions, to determine whether the convictions are of increasing seriousness or whether the defendant has previously performed unsatisfactorily on probation.

The Courts of Appeal that have weighed in to date are divided on this question. Some courts have treated the prior conviction exception under section 1170, subdivision (b)(3) as having the same scope as the exception under the Sixth Amendment. (*Pantaleon*, *supra*, 89 Cal.App.5th at p. 938 [under Sixth Amendment and § 1170, subd. (b)(3), "the fact of a prior conviction includes 'other related issues that may be determined by examining the records of the prior convictions' "]; accord, *People v. Ross* (2022) 86 Cal.App.5th 1346, 1353, review granted Mar. 15, 2023, S278266 [under § 1170, subd. (b)(3), trial court could rely on certified conviction records to consider recidivism-based aggravating factors under rule 4.421(b), including the defendant's multiple offenses, prior prison term, and poor performance on parole and probation; trial court committed Senate Bill 567 error, however, by relying on "crime-based aggravating factors" set forth in rule 4.421(a)]; *People v. Flowers* (2022) 81 Cal.App.5th 680, 685–686, review granted Oct. 12, 2022, S276237.)

Other courts have suggested that, under section 1170, subdivision (b)(3), such factors as the increasing seriousness of a defendant's convictions must (at least in some circumstances) be submitted to a jury rather than determined by the court from a certified record of convictions. (See *People v. Butler* (2023) 89 Cal.App.5th 953, 959, 961, 955, review granted May 31, 2023, S279633 [in analyzing prejudice from Senate Bill 567

9

error, appellate court stated (1) prior prison terms "could have been proven by certified records of conviction," but (2) it was "not clear whether a jury would have found beyond a reasonable doubt that Butler's four admitted prior convictions were of 'increasing seriousness' "]; *People v. Falcon* (2023) 92 Cal.App.5th 911, 952, fn. 12, 953–955, review granted Sept. 13, 2023, S281242 (*Falcon*) [noting "amended section 1170(b) now effectively incorporates Sixth Amendment principles," but questioning whether § 1170, subd. (b)(3) has the same scope as the constitutional exception for prior convictions, and ultimately declining to resolve that question];[10] see also *People v. Dunn* (2022) 81 Cal.App.5th 394, 404–405 & fn. 8, review granted Oct. 12, 2022, S275655 [some aggravating factors were proved by certified record of conviction or by defendant's admission; that defendant was on probation at time of charged offense was not proved by those methods, so upper term sentence was erroneous due to retroactive application of Senate Bill 567].)

In our view, the prior conviction exception in section 1170, subdivision (b)(3) includes both the fact of a prior conviction and "other related issues" (*Black*, *supra*, 41 Cal.4th at p. 819) that may be determined from a certified record of conviction. (See *Gallardo*, *supra*, 4 Cal.5th at p. 138 ["Our precedent instructs that determinations about the nature of prior convictions are to be made by the court, rather than a jury, based on the record of conviction."].) As relevant here, these related issues include the two

---

[10] The *Falcon* court also suggested in a footnote (as Wiley argues here, see part II.B.1, *ante*) that the scope of the *constitutional* exception for prior convictions "may be debatable." (*Falcon*, *supra*, 92 Cal.App.5th at p. 954, fn. 13, rev. granted.) As discussed above, we will follow the California Supreme Court's holdings in *Black*, *Towne*, and *Scott* as to the scope of the constitutional exception.

factors Wiley contends the trial court should not have considered—the increasing seriousness of Wiley's convictions (rule 4.421(b)(2)) and his poor prior performance on probation (rule 4.421(b)(5)).[11]

As noted, section 1170, subdivision (b)(3) provides: "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." The statute does not specify the court is limited to finding that a prior conviction occurred; instead, it states the court may "consider the defendant's prior convictions in determining sentencing." (§ 1170, subd. (b)(3).) And, as our Supreme Court has recognized in the context of the prior conviction exception to the constitutional jury trial right, consideration of prior convictions may establish recidivism-based aggravating factors such as increasing seriousness of the convictions (*Black, supra,* 41 Cal.4th at pp. 818–820) or prior unsatisfactory performance on probation or parole (*Towne, supra,* 44 Cal.4th at p. 82). The statutory language does not suggest the Legislature sought to depart from our Supreme Court's constitutional jurisprudence on this point by establishing a significantly narrower *statutory* prior conviction exception. (See *Pantaleon, supra,* 89 Cal.App.5th at p. 938 [the amended statute "preserves [the] distinction" in Sixth Amendment case law establishing " 'the right to a jury trial does not apply to the fact of a prior conviction' "].)

In one respect, the statutory prior conviction exception in section 1170, subdivision (b)(3) does differ from the constitutional exception—the statute

---

[11] Wiley acknowledges that, under section 1170, subdivision (b)(3), the trial court could consider the prior convictions themselves as shown in the certified rap sheet as a circumstance in aggravation.

11

requires that a trial court's "consider[ation]" of prior convictions be "based on a certified record of conviction." This proviso limits the class of materials on which a trial court may rely in finding aggravating factors based on prior convictions. For example, courts have held a probation report is not a certified record of conviction for purposes of section 1170, subdivision (b)(3) (e.g., *People v. Dunn, supra,* 81 Cal.App.5th at p. 403, rev. granted; *Falcon, supra,* 92 Cal.App.5th at p. 942, rev. granted), while the constitutional prior conviction exception is not so limited (*Towne, supra*, 44 Cal.4th at pp. 76, 82 [probation report established defendant's prior convictions and that several of them occurred while he was on probation]; *Black, supra*, 41 Cal.4th at p. 818 [probation report showed defendant's convictions were numerous and of increasing seriousness]).

In contrast to this legislative decision to specify a method of proof of prior convictions that differs from that required by case law addressing the constitutional prior conviction exception, the statutory text does not narrow the types of recidivism-based aggravating factors that may be established by a defendant's prior convictions. We think the most reasonable construction of section 1170, subdivision (b)(3) is that, once a defendant's prior convictions are properly established by a certified record, a trial court may "consider" those convictions in determining whether related aggravating factors apply, as is the case under the constitutional prior conviction exception. Depending on the record in a particular case, the aggravating factors that may be proven in this manner include the increasing seriousness of a defendant's convictions and the defendant's poor prior performance on probation or parole. (*People v. Scott, supra,* 61 Cal.4th at p. 405; *Black, supra*, 41 Cal.4th at pp. 818–820; *Towne, supra*, 44 Cal.4th at p. 82.)

12

### 3. The Trial Court Correctly Relied on Certified Records To Find the Aggravating Factors Challenged by Wiley

As noted, the trial court, applying section 1170, subdivision (b)(3), required that the prosecution provide a certified record of Wiley's convictions and then selected the upper term based on those convictions as reflected in a certified rap sheet. The court considered several recidivism-related factors, including Wiley's prior felony convictions, a prior prison term, his poor performance on probation, and the increasing seriousness of his convictions.

The court did not err by considering the two factors challenged by Wiley. First, as to increasing seriousness (rule 4.421(b)(2)), the court could properly conclude, based on the record of convictions, that Wiley's recent conviction for making a criminal threat (§ 422), a statutorily designated serious felony (§ 1192.7, subd. (c)(38)), was more serious than his prior convictions, which were for drug offenses, driving under the influence (DUI), and possession of ammunition. Contrary to Wiley's suggestion, this determination did not require the court to engage in factfinding about the specifics of the offenses or to make subjective value judgments as to the relative seriousness of similar crimes. (See *Black*, *supra*, 41 Cal.4th at pp. 819–820 [trial court may determine whether a defendant's convictions are " 'numerous or of increasing seriousness' " under rule 4.421(b)(2) by considering "the number, dates, and offenses of the prior convictions alleged" and "the range of punishment provided by statute for each offense"].)

As to the range of punishment, Wiley points out the statute governing one of his prior drug offenses (Health & Saf. Code, § 11379, subd. (a)) specifies a sentencing triad of two, three, or four years, while his current convictions for criminal threats (§ 422) and unlawful firearm possession (§ 29800, subd. (a)(1)) are punishable by terms of 16 months, two years, or three years (§ 18). By that metric, he suggests, his current offenses are not

13

more serious than all of his prior offenses. But in our view, despite the slightly different triads applicable to the various offenses, Wiley's progression from drug and other offenses that are not designated as serious felonies to a criminal threat conviction that *is* a " 'serious felony' " (§ 1192.7, subd. (c)(38))—carrying significant potential future consequences (§§ 667, subds. (a)(1), (b)–(i), 1170.12)—reflects "increasing seriousness" under rule 4.421(b)(2) since he is on a path toward violence.

Second, as to Wiley's prior performance on probation (rule 4.421(b)(5)), the record of convictions reflects that, in at least one previous case, he violated probation by sustaining convictions of new offenses. (*Towne, supra,* 44 Cal.4th at p. 82 ["When a defendant's prior unsatisfactory performance on probation or parole is established by his or her record of prior convictions, it seems beyond debate that the aggravating circumstance is included within the [prior conviction] exception and that the right to a jury trial does not apply."].) Wiley argues the record is mixed, showing he successfully completed probation or post-release community supervision (PRCS) on some occasions but not others. But the record of convictions supports the court's determination that Wiley's prior performance on probation—which included the commission of crimes while on probation—was "poor," or, in the language of the rule, "unsatisfactory." (Rule 4.421(b)(5).)

## III. DISPOSITION

The judgment is affirmed.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
HIRAMOTO, J.*

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court:      Superior Court of California, County of Humboldt

Trial Judge:      Hon. Kaleb V. Cockrum

Counsel:          Edward Mahler, under appointment by the Court of Appeal for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, and Brady Baldwin, Deputy Attorney General, for Plaintiff and Respondent.

*People v. Wiley* – A165613